IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re

BRIAN J. SCHMITZ and
LOU ANN SCHMITZ,

                          Debtors.

BRIAN J. SCHMITZ and
LOU ANN SCHMITZ,

                          Debtors-Appellants,                OPINION AND ORDER
        v.
                                                                  10-cv-367-wmc
DEUTSCHE BANK NATIONAL
TRUST COMPANY AS TRUSTEE,

                          Creditor-Appellee.

        This case arises out of debtors-appellants Brian and Lou Schmitz's appeal of the

bankruptcy court's decision to terminate the automatic stay in their underlying Chapter

13 bankruptcy case.  The debtors' make clear in their appeal that the only issue they are

raising on appeal is whether creditor-appellee Deutsche Bank National Trust Company

had standing to obtain relief from the automatic stay.  (*See* Appellant's Supp. Br. (dkt.

#4) at 3 ("[T]he Appellants' issues on appeal are exclusively issues of standing . . . .")

This court, however, cannot address debtors' appeal because the underlying bankruptcy

case was dismissed due to the Schmitz's failure to have a plan confirmed.  (*See* dkt. #15

at 2.)

The debtors' issue with appellee's standing would no longer have any impact on the parties in this suit because the claim underlying this appeal has been dismissed, making this case moot. *See Belda v. Marshall*, 416 F.3d 618, 620 (7th Cir. 2005) ("Belda's question regarding the relationship between the long-term debt provision and the anti-discrimination provision would have no impact on the parties to this suit because the claim underlying this appeal has been dismissed. This case is moot."). In other words, there is no longer an issue about whether appellee has standing to seek termination of the automatic stay because there is no longer any bankruptcy case that could provide appellants with any automatic stay.

Furthermore, this case does not fall within "the exception to the mootness doctrine which allows cases to be heard when they are capable of repetition, yet evading review." *Id.* (internal quotation omitted). There is nothing to suggest that appellants' "challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" which is the first prong of the repetition-but-evading-review exception. *Id.* Instead, the debtors merely failed to confirm a plan in the second bankruptcy filing they had filed within a year. Accordingly, appellants' appeal is dismissed as moot. Addressing the standing issue raised on appeal when there is no live case or controversy would result in an advisory opinion, which is something this court cannot provide.

ORDER

IT IS ORDERED that the appeal from the bankruptcy court's order terminating the automatic stay filed by appellants Brian and Lou Schmitz is DISMISSED as moot.

Entered this 8th day of March, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge